BOBBY J. KENNEDY PRO-SE
LINDA K. VIAN PRO-SE
3201 Avenue R
Galveston, Texas 77550
409-682-7012
bkennedy3201@att.net

United States Courts
Southern District of Texas
F I L E D

FEB 05 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT

OF THE SOUTHERN DISTRICT OF TEXAS

STATE OF TEXAS

COUNTY OF GALVESTON

BOBBY J. KENNEDY,

LINDA K. VIAN,

    Plaintiff,

vs.

POLICE OFFICER MCGEE-POWELL, C. (444408),

POLICE OFFICER ZERMENO, A.A. (484626),

POLICE OFFICER JOHN DOE #1

    Defendant

Case No.: PENDING  3:26-CV-34

COMPLAINT AND DEMAND FOR JURY TRIAL,

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Bobby J. Kennedy, (hereinafter Mister Kennedy) and Plaintiff Linda K. Vian, (hereinafter Miss Vian) brings this complaint against Defendant POLICE OFFICER MCGEE-POWELL, C. badge 444408, (herein as Officer McGee-Powell) in her personal capacity, Defendant POLICE OFFICER ZERMENO, A.A. badge 484626, (herein as Officer Zermeno) in her personal capacity, Defendant POLICE John Doe #1, (herein as Officer John Doe #1) in his personal capacity, and in support therefore alleges the following upon information and belief

### I. JURISDICTION AND VENUE

1.)    This is a civil rights action in which plaintiffs seek relief for the violation of his and hers rights secured by Article 1-section 8, Article 1-section 9, Article 1 section 19, to the Texas State Constitution, and amendments 1st, 4th, and 14th to the United States Constitution.

COMPLAINT AND DEMAND FOR JURY TRIAL, - 1

2.) Jurisdiction of this court is found upon 28 U.S. Code § 1331, since this action arises under the constitution and the laws of the United States.

3.) Venue is proper in the US District Court for the Southern District of Texas under 28USC-1391(b), as all the events complained of occurred in Galveston County, Texas.

4.) Pursuant to 42 U.S. Code § 1983, and other applicable laws, the court may award nominal, compensatory, and punitive damages, as well as equitable relief against all Defendants in their individual capacity, for the violation of the Plaintiffs Constitutional rights and harm caused by their actions/inactions.

## II. PARTIES

5.) Plaintiff Bobby Joe Kennedy (Herein known as Mister Kennedy) is a law-abiding citizen of the United States, a longtime home owner with a homestead in the city of Galveston, County of Galveston, State of Texas.

6.) Plaintiff Linda K. Vian, (herein known as Miss Vian) is the wife to Plaintiff Mister Kennedy for over 38 years, she is a hardworking law-abiding citizen and is the shared long time home owner in Galveston, with a homestead shared with her husband Plaintiff Mister Kennedy.

7.) Location of service is Texas State Police, UTMB Galveston Post, (known herein as UTMB Police Department) located at 404, 8th Street, Galveston Texas, 77555 and or Department of Legal Affairs UTMB Galveston, 301 University Blvd, Galveston Texas 77555

8.) Defendant Officer MCGEE-POWELL, C. badge 444408, (herein as Officer McGee-Powell) is a ranking State Police Officer employed by the UTMB Galveston Police Department located at 404 8th street, in the city of Galveston, State of Texas 77555, who at all times herein was acting under color of law, Defendant Officer McGee-Powell is being sued in her personal capacity only.

9.) Defendant ZERMENO, A.A. badge 484626, (herein as Officer Zermeno) is a State Police Officer employed by the UTMB Galveston Police Department located at 404 8th street, in the city of Galveston, , who at all times herein was acting under color of law, Defendant Officer Zermeno is being sued in her personal capacity only.

COMPLAINT AND DEMAND FOR JURY TRIAL, - 2 of 17

10.) Defendant Officer John Doe #1 (either HERNANDEZ, A. badge 467049 or GONZALES, G 297213), is a State Police Officer employed by the UTMB Galveston Police Department located at 404 8th street, in the city of Galveston, State of Texas 77555, who at all times herein was acting under color of law, Defendant Officer John Doe#1 is being sued in his personal capacity only.

11.) Each and all the acts of defendants alleged herein were committed by said defendants while they were acting under the color of law. At all times relevant, Defendants acted **under color of the statutes, ordinances, regulations, customs, and usages of the State of Texas.**

12.) All acts committed by these defendants were committed by the defendants to spite their knowledge that the acts they were committing are unlawful, unethical, and unconstitutional, they committed them anyway, knowingly, recklessly, intentionally, wantonly, callously, purposely, sadistically, and cruelly,

### III-PREAMBLE

13.) "If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea or expression to be offensive or disagreeable." Justice William Brennan, Texas v. Johnson, 491 U.S.397, 414 (1989)

"We consider this case against the background of a profound national commitment that debate on public issues should be uninhibited, robust, and wide open, and that it may well include Vehement, Caustic, and sometimes unpleasantly sharp attacks on Government and Public Officials." Justice William Brennan, New York Times Co. v. Sullivan, 376 U.S. 254, 270 (1964)

### IV. FACTUAL ALLEGATIONS-OFFICIAL OPPRESSION, MALLICIOUS PROSECUTION, RETALITORY ARREST, UNLAWFUL SEIZURE, ASSAULT

14.) On October 4th, 2024, in the private exam room hallway of the Urology Department, at the UHC Clinics located on the 5th floor in John Sealy Hospital, of the UTMB Galveston Campus, Defendant Officer McGee-Powell did in fact unlawfully, and intentionally, assault plaintiff Mister Kennedy with the threat of the violence of arrest, for nothing more than speaking in his normal everyday voice, by stating; "If you do

COMPLAINT AND DEMAND FOR JURY TRIAL, - 3 of 17

1  not lower your voice, I am going to arrest you!" clearly violating plaintiff Mister Kennedy's "God" given rights to

2  even speak in his natural tone of voice, violating Plaintiff Mister Kennedy's constitutionally protected right to Free

3  Speech,

4        15.)      On October 4th, 2024, in the private exam room of the Urology Department, at the

5  UHC Clinics located on the 5th floor in John Sealy Hospital ,of the UTMB Galveston Campus, Defendant Officer

6  McGee-Powell did in fact unlawfully, and intentionally, trespass against plaintiff Mister Kennedy and plaintiff Miss

7  Vian by entering into the private exam room itself without being asked by attending nurse or doctor to enter it, and

8  after being asked not to enter by plaintiff Mister Kennedy,

9        16.)      then defendant Officer McGee-Powell further trespassed against Plaintiff Miss

10 Vian by going over to where the nurse was taking Plaintiff's Miss Vian's vitals, and entering them into the medical

11 record on the computer screen, with Defendant Officer McGee-Powell standing in a position to/and reading the

12 screen and unlawfully obtaining all of Miss Vians personal identifying and medical information, violating Plaintiff

13 Miss Vian's right to be secure in her person papers and effects, while unlawfully intruding on a private medical

14 encounter,

15       17.)      after the gross trespasses and rights violations up to this point, by Defendant

16 Officer McGee-Powell, Plaintiff Mister Kennedy became agitated and exercised his 1st amendment right and

17 redressed by telling Defendant Officer McGee-Powell "F-you, you are just a clown in a clown suit" at this time

18 Defendant Officer McGee-Powell again for a second count, assaulted Plaintiff Mister Kennedy with the threat of the

19 violence of arrest for Plaintiff Mister Kennedy observing his First Amendment right of redress, now violating

20 Plaintiff Mister Kennedy's right to be secure in his person,

21       18.)      with the escalation between Plaintiff Mister Kennedy and Defendant Officer

22 McGee-Powell, Officer McGee-Powell suggested to the Plaintiff Mister Kennedy he could leave by stating; "you

23 can leave" at what time the Plaintiff Mister Kennedy said to Plaintiff Miss Vian; "come on let's go", at what time

24 both Plaintiffs mister Kennedy and Miss Vian began leaving under their own free will,

25       19.)      while walking down the hallway of the private exam room area not completely

26 open to the public, Plaintiff Mister Kennedy seen Urologist Doctor Joseph Sonstein, so Plaintiff Mister Kennedy

27 stepped through the open door of the completely open by a complete wall of windows, with no blinds with no

28 privacy expected, to shake the doctors hand, and apprise the doctor of the current situation and a need to re-set, at

COMPLAINT AND DEMAND FOR JURY TRIAL, - 4 of 17

1  what time Mister Kennedy had already entered the completely open room, Mister Kennedy heard the unlawful order

2  barked by Defendant Officer Zermeno, No! don't you go over there, violating Mister Kennedy's right to freely

3  express himself, at what time Mister Kennedy yelled at the Officer, " (F) you! I am shaking the man's hand", at

4  what time, for a 3rd count, Defendant Officer McGee-Powell assaulted Plaintiff Mister Kennedy with the threat of

5  the violence of this time being "placed in cuffs",

6        20.)      at what time back up or additional officers arrived on the floor, at what time

7  Defendant Officer McGee-Powel proceeded to violate Plaintiff Mister Kennedy's constitutionally protected rights

8  by placing Plaintiff Mister Kennedy in cuffs out of retaliation for Plaintiff Mister Kennedy exercising his first

9  amendment right and the redress he gave to Defendant Officer McGee-Powell,

10        21.)      at this time Plaintiff Mister Kennedy informed Defendant Officer McGee-Powell

11  he was there on legitimate business, an appointment with his wife, whom he is the sole care giver and advocate for,

12  and he was not trespassing, what Defendant Officer McGee-Powell was now accusing Plaintiff Mister Kennedy of,

13        22.)      custody of Plaintiff Mister Kennedy was handed off to Defendant State Police

14  officer John Doe#1 (possibly Supervisor SSgt. Hernadez 467046 or Gonzales, G. 297213) and Plaintiff Mister

15  Kennedy was escorted out of sight of Plaintiff Miss Vian, as Defendant Officer McGee-Powell returned to where

16  Defendant Officer Zermeno now had Plaintiff Miss Vian unlawfully detained, at this time Defendant Officer

17  McGee-Powell unlawfully took Plaintiff Miss Vian by the wrist/hand, now physically assaulting and unlawfully

18  ordering Plaintiff Miss Vian back to the exam room, so the doctor who Plaintiff Miss Vian is deathly afraid of due to

19  botched surgery, and bad bed side manner, Doctor Joseph Sonstein, can examine Plaintiff Miss Vian without her

20  husband/caregiver/advocate being present, while unlawfully attempting to physically force Plaintiff Miss Vian to do

21  as told, now actually physically assaulting with unlawful and unwanted touching, now violating Plaintiff Miss

22  Vian's right to feel secure in her person, her right to due process of a caregiver advocate of her choice being present,

23  and her right to refuse or pick and choose medical care, (4th, 5th, and 14th amendments to the United States

24  Constitution)

25        23.)      at his time Defendant Officer Zermeno unlawfully physically assaulted Plaintiff

26  Miss Vian by unlawfully taking Plaintiff Miss Vian's free wrist/hand and assisting Defendant Officer McGee-

27  Powell in attempting to unlawfully physically force Plaintiff Miss Vian back to the exam room, so the doctor who

28  Plaintiff Miss Vian is deathly afraid of due to botched surgery and bad bed side manner, can examine her without

COMPLAINT AND DEMAND FOR JURY TRIAL, - 5 of 17

1  her husband/caregiver/advocate being present, while unlawfully attempting to physically force Plaintiff Miss Vian to
2  do as told, violating Plaintiff Miss Vian's right to feel secure in her person, Plaintiff miss Vian's right to due process
3  of a caregiver advocate of her choice being present, and her right to refuse or pick and choose medical care, (4th, 5th,
4  and 14th amendments to the United States Constitution,)

5  24.)   after Plaintiff Miss Vian successfully resisted the unlawful physical assault by
6  Defendant Officer McGee-Powell and Defendant Officer Zermeno, and was ordered off property and was escorted
7  out of the building and then off property while continuing to be very disruptive, by using profanity and insults to the
8  officers such as "(F)ing pigs", Defendant Officer McGee-Powell rejoined Defendant Officer John Doe #1 and
9  assisting Officer John Doe #2 (possibly GONZALES, G. badge#297213 or SSgt Hernandez, A. 467049witness by
10 body cam only, not a named defendant), in the staging area at the edge of the drive way exiting to Harborside Drive
11 where they had Plaintiff Mister Kennedy Detained,

12 25.)   At this time Defendant Officer McGee-Powell told Defendant Officer John Doe#1
13 Plaintiff Mister Kennedy is under arrest, Defendant Officer McGee-Powell then turns to Plaintiff Mister Kennedy
14 and informs him that he is under arrest for Trespassing,

15 26.)   Once again at this time Plaintiff Mister Kennedy informed Defendant Officer
16 McGee-Powell that both Detective Collins with the UTMB Police, and the lead investigator for the Galveston
17 County District Attorney David Simon, at the time a trespass warning was issued over the phone, both informed
18 Plaintiff Mister Kennedy he could not be arrested for trespassing if Plaintiff Mister Kennedy was to be there on
19 legitimate business, and an appointment for his wife would be legitimate business, at what time Defendant Officer
20 McGee-Powell said "no! you are going to jail, she is the patient not you!" At what time Plaintiff Mister Kennedy
21 informed Defendant Officer McGee-Powell, again while in direct presence of Defendant Officer John Doe#1 "Okay,
22 you will be sued",

23 27.)   at this time Defendant Officer John Doe #1 further violated Plaintiff Mister
24 Kennedy by continuing with an unlawful retaliatory arrest after hearing Plaintiff Mister Kennedy explain to
25 Defendant Officer McGee-Powell legitimate business Plaintiff Mister Kennedy was conducting and the legal
26 reasons he could not be arrested for trespassing at this time,

27 28.)   at this time and in public view, Defendant Officer John Doe #1 further humiliated
28 and assaulted Plaintiff Mister Kennedy by unlawfully extensively and roughly searching Mister Kennedy, while

COMPLAINT AND DEMAND FOR JURY TRIAL, - 6 of 17

1  kicking Mister Kennedy's already old weak injured ankles legs and knees, while giving orders and commands in an
2  aggressive manner, causing Plaintiff Mister Kennedy fear for his safety,

3    29.)    With Mister Kennedy being put at ease only by the demeaner manner and
4  professionalism of assisting Officer John Doe #2 (witness by body cam only, not a named defendant) who politely
5  ask for voluntary compliance of the same commands Defendant Officer John Doe #1 was giving aggressively and
6  disrespectfully,

7    30.)    after transport to UTMB Police Headquarters located at 404 8th street, in the city of
8  Galveston, Plaintiff Mister Kennedy was once again extensively and roughly searched by Defendant Officer John
9  Doe #1, while Defendant Officer John Doe #1 displayed a hostile aggressive attitude and demeanor, once again
10 causing Plaintiff Mister Kennedy to feel unsafe in his person, while restricting plaintiff Mister Kennedy's free
11 movement,

12    31.)    while being held at UTMB Police Headquarters located at 404 8th street for over
13 an hour, Defendant Officer McGee-Powell reappeared, and in the presence of Plaintiff Mister Kennedy after
14 consulting with Defendant Officer John Doe #1, Defendant Officer McGee-Powell made a phone call back to the
15 UTMB UHC 5th Floor clinic, and after the fact unlawfully and maliciously using her cell phone solicited a complaint
16 statement from one Estey, Megan Elyse asking her for a statement of disorderly conduct, claiming she was offended
17 by the language used by Plaintiff Mister Kennedy toward the Police in her presence,

18    32.)    here not only knowingly and maliciously violating Plaintiff Mister Kennedy's first
19 amendment right once again, but also knowingly and maliciously violating Plaintiff Mister Kennedy's fourteenth
20 amendment right to due process,

21    33.)    Plaintiff Mister Kennedy, Plaintiff Miss Vian's sole care giver, was then
22 transferred to the Galveston County Jail, arriving at the jail around 11:35a/m, where Plaintiff Mister Kennedy was
23 unlawfully maliciously charged with the factitious charge of trespass, in order to intentionally and maliciously
24 further the detainment of Plaintiff Mister Kennedy, by denying Plaintiff Mister Kennedy a bond until what time
25 Plaintiff Miser Kennedy could see a magistrate for a bond hearing, to set bond amount, Causing Plaintiff Mister
26 Kennedy to not physically walk out of the Galveston County Jail Complex until just about 4:35a/m on October 5,
27 2024, for a credit of two days in custody.

28

COMPLAINT AND DEMAND FOR JURY TRIAL, - 7 of 17

34.) This unlawful retaliatory arrest and charge has now caused Plaintiff Miss Vian extreme panic, violating Plaintiff Miss Vian's 4th amendment right to feel safe in her person, for the entire time Plaintiff Mister Kennedy was in custody, due to the fact Plaintiff Mister Kennedy was the sole care giver caring for Miss Vian's unique ostomy wound, created by the emergency exploratory laparotomy, as a result of the botched surgery of the same Doctor, Urologist Doctor Joseph Sonstein, Defendant Officer Mcgee-Powell and Defendant Officer Zermeno are now attempting to unlawfully physically force Plaintiff Miss Vian back in to see without Plaintiff Mister Kennedy (Miss Vian's husband/caregiver/advocate) being present, causing Plaintiff Miss Vian even more trauma, also here at this time violating Plaintiff Miss Vians 14th amendment right to due process, the fact of Plaintiff Mister Kennedy's role as a care giver being crucial, can be verified by the letter from Houston Colan Rectal Surgery Group, the providers who assumed Plaintiff Miss Vian's care after the unlawful malicious retaliatory arrest of Plaintiff Mister Kennedy, by Defendant Officer Mcgee-Powell, Defendant Officer John Doe #1, and Defendant Officer Zermeno, on October 4th,2024,

35.) The malicious and factitious charge of criminal trespassing was set to be heard by County Court at Law #1, Galveston County, Texas, under case # MD-0420999, after an initial pretrial meeting with the prosecutor on December 19, 2024, the case came to be heard on February 6th, 2025, at what time said charge of Criminal Trespassing was dismissed due to a lack of evidence,

36.) The unlawful factitious charge of disorderly conduct by language was charged in the Justice of the Peace Court of Galveston County PCT 2 under case #24-NTM02-0925, this charge was dismissed on May 29th, 2025, with the reason cited as prosecutorial discretion,

## V. FIVE ELLIMENTS OF MALLICIOUS PROSECUTION

37.) the first element of malicious prosecution is present the very second Defendant Officer McGee-Powell initiated an unlawful retaliatory arrest of Plaintiff Mister Kennedy for him exercising his first amendment right, Defendant Officer Zermeno and Defendant Officer John Doe #1 both also initiated unlawful and malicious prosecution against Plaintiff Mister Kennedy by assisting in and/or then continuing the unlawful retaliatory arrest,

38.) the second element of malicious prosecution is present as soon as the charge of Trespassing was dismissed on February 6th 2025, by the Galveston County Criminal Court at Law #1, citing unable to prove beyond a reasonable doubt, the second element of malicious prosecution is again present on May 29th

COMPLAINT AND DEMAND FOR JURY TRIAL, - 8 of 17

2025, when the charge of disorderly conduct was dismissed by the JP Court of Galveston County Prescient 2, citing prosecutorial discretion,

39.)  the third element of malicious prosecution, probable cause for the charge of trespass was lost, as soon as the facts of Plaintiff Mister Kennedy being on legitimate business was established, as well as the fact Plaintiff Mister Kennedy was actually invited and was with a UTMB patient care advocate counselor when Police made contact, and then again with the dismissal citing lack of evidence, as far as the disorderly conduct, the evidence of no probable cause is apparent when Defendant Officer McGee-Powell called back to the UHC clinic and unlawfully solicited a complaint over an hour after the fact, and then again with the dismissal on May 29th 2025 by the JP Court,

40.)  the fourth element of malicious prosecution, Defendant Officer McGee-Powell out of anger for the lawful redress by Plaintiff Mister Kennedy, and then the lawful redress by Plaintiff Miss Vian, did in fact cause Defendant Officer McGee-Powell to act with actual malice with a retaliatory arrest and charging Mister Kennedy with factitious charge of trespass, to further cause Plaintiff Mister Kennedy harm by preventing Plaintiff Mister Kennedy from being able to instantly bond out, by requiring Plaintiff Mister Kennedy to see a magistrate for a bond hearing, prolonging Plaintiff Mister Kennedy's time in Jail for a credit of two calendar days,

41.)  Defendant officer McGee-Powell further acted with malice by charging the separate charge of disorderly conduct in a different court originally located in Santa Fe Texas, to further harm Plaintiff Mister Kennedy by causing Plaintiff mister Kennedy even more inconvenience forcing Plaintiff Mister Kennedy to commute to Santa Fe, when plaintiff Mister Kennedy lives in, and all alleged offenses occurred in Galveston City limits, not in Santa Fe,

42.)  to further harm Plaintiff Mister Kennedy and to prove malice, Defendant Officer McGee-Powell on all official documents listed Plaintiff Mister Kennedy's home address as 1809 31st in spite of having Plaintiff Mister Kennedy's license to carry a handgun that clearly states 3201 Avenue K as Plaintiff Mister Kennedy's address, so all correspondences concerning this unlawful retaliatory arrest would be sent to the wrong address, in an attempt to cause Plaintiff Mister Kennedy to fail to appear,

43.)  the fifth element of malicious prosecution actual damages include but are not limited to, Plaintiff Mister Kennedy's confinement in the Galveston County jail for several hours resulting in a credit of two calendar days, damages to Plaintiff Mister Kennedy's mental and physical health and reputation,

COMPLAINT AND DEMAND FOR JURY TRIAL, - 9 of 17

monetary damages by bonds and attorney fees, damages to Plaintiff Miss Vian's mental and physical health by causing Plaintiff Miss Vian extreme fear and concern, by removing Plaintiff Miss Vian's only trained caregiver for several hours, resulting in two calendar days, after attempting to unlawfully seize Plaintiff Miss Vian and then unlawfully physically force Plaintiff Miss Vian to accept medical care, from a doctor Plaintiff Miss Vian with good reason does not trust without her husband caregiver and protector being present,

## VI. Key Constitutional Violations Documented

44.) Defendants, while acting under color of state law, violated Plaintiffs' clearly established rights under the **United States Constitution**, including:

a. **First Amendment** — by retaliating against Plaintiffs for engaging in protected speech and verbal criticism of police conduct;

b. **Fourth Amendment** — by subjecting Plaintiffs to unlawful seizure, false arrest, excessive force, unreasonable searches, and unlawful detention without probable cause;

c. **Fourteenth Amendment** — by depriving Plaintiffs of liberty without due process of law and by engaging in arbitrary and conscience-shocking conduct.

d. Plaintiffs further allege that Defendants' conduct violated provisions of the **Texas Constitution, including Article I, Sections 3, 8, 9, and 19**, which are pleaded **as background and evidence of unlawful conduct**, not as independent causes of action for damages.

## VII. CLAIMS AGAINST DEFENDANT
### COUNT 1
### VIOLATION OF CIVIL RIGHT UNDER USC 42 & 1983
### (violations of the guarantee of equal rights and the right of freedom of speech)

45.) Plaintiff restates and incorporates by reference every allegation set forth as well as every prior allegation,

46.) At all times relevant herein, all Defendants were acting under the color of Texas state law,

COMPLAINT AND DEMAND FOR JURY TRIAL, - 10 of 17

47.)   as soon as Defendant Officer McGee-Powell made contact with Plaintiff Mister Kennedy, and Plaintiff Mister Kennedy spoke to Defendant Officer McGee-Powell in his normal everyday tone of voice, using normal everyday language with no profanity, after Plaintiff Mister Kennedy had just hugged Defendant Officer Zermeno, Defendant officer McGee-Powell violated Plaintiff Mister Kennedy's state constitutional guarantee under article 1 section 3 to equal rights as well as Article 1 section 8 of the Texas State Constitution to the right of speech, as well as Mister Kennedy's 1st amendment right guaranteed by the United States Constitution, by Defendant Officer McGee-Powell telling Mister Kennedy "if you do not lower your voice I am going to arrest you",

48.)   by Defendant Officer McGee-Powell unlawfully arresting Plaintiff Mister Kennedy out of retaliation for hurting her feelings in her personal capacity by exercising his 1st amendment right, and charging Plaintiff Mister Kennedy with trespass, when under the same circumstance most are escorted off the property and released, Defendant officer McGee-Powell violated Mister Kennedy's State Constitutional right of freeman equal rights and freedom of speech guaranteed under Article 1 section 3 as well as Article 1 Section 8 and the 1st amendment to the United States Constitution, the freedom of speech,

49.)   Defendant Officer JohnDoe#1 by his inactions and or assistance to Defendant Officer McGee-Powell, Defendant Officer John Doe #1 did in fact violate Plaintiff Mister Kennedy's guarantee under article 1 section 3 and article 1 section 8 of the Texas State Constitution, as well as Plaintiff Mister Kennedy's 1st amendment right guaranteed by the United States Constitution,

50.)   Defendant Officer Zermeno by her inactions and or assistance to Defendant Officer McGee-Powell, Officer Zermeno did in fact violate Plaintiff Mister Kennedy's guarantee under article 1 section 3 and article 1 section 8 of the Texas State Constitution, as well as Plaintiff Mister Kennedy's 1st amendment right guaranteed by the United States Constitution,

## COUNT 2
## VIOLATION OF CIVIL RIGHT UNDER USC 42 & 1983
### (violations of the right to be secure in your person papers and effects)

51.)   Plaintiff restates and incorporates by reference every allegation set forth as well as every prior allegation,

52.)   At all times relevant herein, all Defendants were acting under the color of Texas state law,

COMPLAINT AND DEMAND FOR JURY TRIAL, - 11 of 17

53.) by Defendant Officer McGee-Powell unlawfully arresting Plaintiff Mister Kennedy out of retaliation for hurting Defendant Officer McGee-Powell's feelings in her personal capacity by exercising his 1st amendment right, by and with the physical assault of detention and with the extensive searches to Plaintiff Mister Kennedy Defendant Officer McGee-Powell has now violated Plaintiff Mister Kennedy's God given right to be secure in his person papers and effects, guaranteed by the 4th amendment to the United States Constitution,

54.) by Defendant Officer McGee-Powell unlawfully arresting Plaintiff Miss Vian's Husband and Caregiver, Plaintiff Mister Kennedy, out of retaliation for Plaintiff Mister Kennedy hurting Defendant Officer McGee-Powell's feelings in her professional capacity as a Police Officer, by exercising his 1st amendment right of redress, and then Plaintiff Miss Vian doing the same with her right of redress causing Defendant Officer Mcgee Powell extreme anger in her professional capacity as a police officer, Defendant Officer McGee-Powell has now unlawfully removed Plaintiff Miss Vian's sole care giver, protector, and advocate, causing Plaintiff Miss Vian extreme panic violating Plaintiff Miss Vian's right to feel secure in her person,

55.) by Defendant Officer John Doe #1 assisting in the unlawful arresting of Plaintiff Mister Kennedy, and then extensively searching Plaintiff Mister Kennedy twice, Defendant Officer John Doe #1 has violated Plaintiff Mister Kennedy's constitutionally protected right to feel safe and secure in his paper's person and effects,

56.) by Defendant Officer John Doe #1 assisting in the unlawful arresting of Plaintiff Mister Kennedy, after establishing the facts that Plaintiff Mister Kennedy was on legitimate business as his wife's (Plaintiff Miss Vian's) caregiver and advocate, and under merit of law both Plaintiff Mister Kennedy and Plaintiff Miss Vian was leaving on his and her own accord without resistance, and was not in violation of law, by continuing the unlawful arrest of Plaintiff Mister Kennedy, Defendant Officer John Doe #1 has taken Plaintiff Miss Vian's sole caregiver required to care for a unique ostomy wound created by the student botched Nephrectomy, performed at UTMB Galveston, supervised by doctor Joseph Sonstein , now causing Plaintiff Miss Vian extreme panic for several hours violating Plaintiff Miss Vian's constitutionally protected right to feel secure and safe in her person,

57.) after unlawfully arresting Plaintiff Mister Kennedy, out of retaliation for observing his first amendment right, Defendant Officer McGee-Powell physically assaulted Plaintiff Miss Vian, by unlawfully

COMPLAINT AND DEMAND FOR JURY TRIAL, - 12 of 17

grabbing Plaintiff Miss Vian by the wrist/hand, in an attempt to kidnap Plaintiff Miss Vian, and unlawfully physically force Plaintiff Miss Vian to receive at this point, unwanted medical care from a provider Plaintiff Miss Vian is with good reason afraid of, again seriously violating Plaintiff Miss Vians God given right to feel secure and safe in her person,

58.) by Defendant Officer Zermeno assisting Defendant Officer McGee-Powell in the attempted unlawful kidnapping of Plaintiff Miss Vian, by at this time unlawfully grabbing Plaintiff Miss Vian's free arm, and unlawfully and physically attempting to force Plaintiff Miss Vian to receive now unwanted medical attention, from a provider Plaintiff Miss Vian is for good reason afraid of, Defendant Officer Zermeno has now extremely violated Plaintiffs Miss Vian's constitutionally protected right to feel safe and secure in her person,

## COUNT 3

### VIOLATION OF CIVIL RIGHTS UNDER USC 42 AND 1983

#### (the right to due process)

59.) Plaintiff restates and incorporates by reference every allegation set forth as well as every prior allegation,

60.) At all times relevant herein, all Defendants were acting under the color of Texas state law,

61.) after Defendant Officer McGee-Powell consulted with Defendant ████████ Officer John Doe #1, Officer McGee-Powell over an hour after the fact, unlawfully solicited a complaint from a state employee by cell phone, from UTMB UHC Clinics Urology/General Surgery for the class "C" offense of Disorderly Conduct by Language, against Plaintiff Mister Kennedy, violating Plaintiff Mister Kennedy's right to due process in several ways, including but not limited to the right to know exactly how, why, and who is an alleged plaintiff, causing Plaintiff Mister Kennedy's arrest at the time of arrest, and the right of a class C before it can be charged as an offense, it has to be seen by the officer, and the officer cannot be the plaintiff/victim in a disorderly for legal redress by a citizen protected under the 1st amendment, another citizen when protected redress to government officials and including profanity not constituting fighting words and or vulgarity, cannot claim offense when it is lawful redress to Governmental Official in their professional capacity, Plaintiff Mister Kennedy's right to due process has been violated here in several ways,

COMPLAINT AND DEMAND FOR JURY TRIAL, - 13 of 17

62.) Defendant Officer John Doe #1 upon realizing Plaintiff Mister Kennedy had never been formally trespassed, with a signed document, on October 4th 2024, at the time of Plaintiff Mister Kennedy's unlawful retaliatory arrest, Defendant Officer John Doe #1 had Plaintiff Mister Kennedy sign a formal trespass warning, a warning that still states as long as Plaintiff Mister Kennedy is on legitimate business, he cannot be considered trespassing, now knowing the unlawful retaliatory arrest will not stick, Defendant Officer John Doe #1 consults with Defendant Officer McGee-Powell and advises Defendant Officer McGee Powell to unlawfully solicit a complaint against Plaintiff Mister Kennedy for the class "C" offense of disorderly conduct over an hour after the fact, Officer John Doe #1 has now violated Plaintiff Mister Kennedy's right to due process in more than one way, not just by failing to interact and stop the unlawful retaliatory arrest of Plaintiff mister Kennedy, but by his participation as well,

63.) Plaintiff Miss Vian's right to due process was violated by Defendant Officer McGee-Powell as soon as Defendant Officer McGee-Powell attempted to unlawfully seize and unlawfully physically force Plaintiff Miss Vian to see a doctor Plaintiff Miss Vian is for good reason deathly afraid of, without Plaintiff Miss Vian's Husband/Caregiver/Advocate present, the right of due process to not only have a caregiver advocate/witness of your choice present for any consultation appointment with a medical provider, but the right of due process to choose for herself what provider Plaintiff Miss Vian will see, when Plaintiff Miss Vian chooses to see that provider, and what available location Plaintiff Miss Vian will see that provider at,

64.) Defendant Officer Zermeno violated Plaintiff Miss Vian's right to due process as soon as Defendant Officer Zermeno unlawfully physically assaulted Plaintiff Miss Vian by grabbing Plaintiff Miss Vian's free arm/wrist/hand in assistance to Defendant Officer McGee-Powell's unlawful assault and unlawful attempted seizure of Plaintiff Miss Vian, with the intent to unlawfully force Plaintiff Miss Vian to receive a now unwanted exam and consultation from a medical doctor Plaintiff Miss Vian is for good reason afraid of, without Plaintiff Miss Vian's personally chosen caregiver/advocate/witness being present, grossly violating Plaintiff Miss Vians right to due process in more than one way,

### VIII. Qualified Immunity Pierced: Clearly Established Law Violations

65.) The documented violations in this case involves clearly established constitutional law that any reasonable governmental official and or Police Officer should have understood,

COMPLAINT AND DEMAND FOR JURY TRIAL, - 14 of 17

The First Amendment protection for political speech, the fourth amendment protection to feel safe and secure in your person papers and effects and the fourteenth Amendment right to Due Process requirements have been clearly established for decades,

66.) Defendant Officer McGee-Powell unlawfully threatening Plaintiff Mister Kennedy with violence of physical assault by arrest for nothing more than Plaintiff Mister Kennedy speaking in his normal voice, the trespasses by Defendant Officer McGee-Powell and Defendant Officer Zermeno against Plaintiff Miss Vian, the attempted unlawful kidnapping and the unlawful physical assault with unwanted touching, in an unlawful attempt at forcing Plaintiff Miss Vian to receive unwanted medical care against her free will, and without her chosen witness/caregiver/advocate being present, unlawfully arresting Plaintiff Mister Kennedy and charging him with fictitious charges out of retaliation for Plaintiff Mister Kennedy exercising his right to speak, then unlawfully soliciting a complaint after the fact, with the consultation and participation of Defendant Officer John Doe #1, and the coordinated institutional response all violate clearly established law. These violations pierce the qualified immunity protection typically available to governmental officials, creating individual liability for constitutional damages.

67.) ***Gonzalez v. Trevino***, 602 U.S. 653 (2024), is a United States Supreme Court case in which the court held that plaintiffs alleging retaliatory arrest need only provide evidence that their arrest occurred in circumstances where probable cause exists to arrest, but officers typically exercise discretion and decline to arrest,

### VIIII. Demand for Relief of Damages

68.) Plaintiff Mister Kennedy is seeking relief of damages for the monetary cost of bond procurement for release as well as the cost of legal fees including but not limited to pro-se efforts as well as licensed attorney fees,

69.) Plaintiff Mister Kennedy further seeks relief of damages for the stress to his physical and mental health caused by being unlawfully arrested and kidnapped then held in a filthy nasty unsafe jail spanning over and creating credit for two (2) calendar days,

COMPLAINT AND DEMAND FOR JURY TRIAL, - 15 of 17

70.) Plaintiff Mister Kennedy further seeks relief of damages for the stress to his mental and physical health caused by the financial expenses caused by the unlawful retaliatory arrest at a time where his wife Plaintiff Miss Vian's medical condition had just costed them their life savings,

71.) Plaintiff Mister Kennedy further seeks relief of damages caused by the mental stress of being assaulted by unwanted touching while being brutally violated by rough unlawful search by unlawful arrest by Defendant Officer McGee-Powell,

72.) Plaintiff Mister Kennedy further seeks relief of damages caused by the mental stress of being assaulted by unwanted touching while being brutally violated by rough unlawful search by unlawful retaliatory arrest by Defendant Officer John Doe #1 twice, once at the road then once again at UTMB Police headquarters located at 404 8th street in the city of Galveston,

73.) Plaintiff Mister Kennedy further seeks relief of damages in the form of any relief the court may deem Mister Kennedy is entitled to, including but not limited to nominal, compensatory, and punitive damages, as well as equitable relief against all Defendants in their individual capacity, for the violation of the Plaintiffs Constitutional rights and harm caused by their actions/inactions,

74.) Plaintiff Miss Vian is seeking relief of damages to her mental and physical health due to the stress of being unlawfully assaulted by Officer McGee-Powell by way of attempted kidnapping in an attempt to force unwanted medical attention from a surgeon Miss Vian is for good reason deathly afraid of,

75.) Plaintiff Miss Vian is seeking relief of damages to her mental and physical health due to the stress of being unlawfully assaulted by Defendant Officer Zermeno by way of attempted kidnapping in an attempt to unlawfully force unwanted medical attention from a surgeon Plaintiff Miss Vian is for good reason deathly afraid of, without Plaintiff Miss Vian's chosen caregiver being present, Plaintiff Miss Vian's chosen caregiver and advocate being Plaintiff Miss Vian's husband Plaintiff Mister Kennedy,

76.) Plaintiff Miss Vian further seeks relief of damages to her physical and mental health as a result of severe panic due to the deprivation of her sole care giver required to care for Plaintiff Miss Vian's unique Ostomy wound, as a result of the unlawful retaliatory arrest of her husband Plaintiff Mister Kennedy by the Defendants, Defendant Officer John Doe #1, Defendant Officer McGee Powell, and Defendant Officer Zermeno,

COMPLAINT AND DEMAND FOR JURY TRIAL, - 16 of 17

76.) Plaintiff Miss Vian further seeks relief of damages to her mental and physical health caused by the financial burden and stress as a result of the high cost of bond procurement to secure release of her sole care giver, who was required to care for Plaintiff Miss Vian's Unique Ostomy wound, coupled with the high cost of legal expenses including but not limited to pro-se efforts as well as licensed attorney fees, at a time when Plaintiff Miss Vian's medical crisis had cost them all their savings and left them financially stressed even before the unlawful retaliatory arrest of her husband/caregiver Plaintiff mister Kennedy,

77.) Plaintiff Miss Vian further seeks relief of damages in the form of any relief the court may deem Plaintiff Miss Vian is entitled to, including but not limited to nominal, compensatory, and punitive damages, as well as equitable relief against all Defendants in their individual capacity, for the violation of the Plaintiffs Constitutional rights and harm caused by their actions/inactions.

**78.)** The total amount of compensatory damages Plaintiffs seek is **$29,728.00**.

**79.)** To deter future misconduct by these Defendants and to discourage similar unconstitutional behavior by other governmental officials, Plaintiffs seek punitive damages in the amount of **$32,700.80**.

**80.)** The combined minimum monetary damages Plaintiffs seek total **$62,428.80**.

**81.)** In addition, Plaintiffs request any further relief the Court deems appropriate, including but not limited to accumulated court costs and filing fees associated with this action. Plaintiffs note that an opportunity to resolve this matter prior to litigation was offered through a formal demand, which Defendants declined.

## SECTION-X. JURY DEMAND

83. Plaintiffs hereby demand a **trial by jury** on all issues so triable pursuant to the **Seventh Amendment** to the United States Constitution.

Dated this 5th Day of Feb, 2026.

Bobby J. Kennedy Pro-Se

Linda K. Vian Pro-Se